**In the Matter of SAYMAN'S, INC., d/b/a Sayman Carpets, Inc., and H.C.I., Inc., Debtors.**

**Bankruptcy Nos. 80–03292A, 80–04004A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 13, 1981.

Hicks, Maloof & Campbell, Atlanta, Ga., for Sayman's Inc.

J. Billie Ray, Jr., Atlanta, Ga., for Southwestern Bell Tel. Co.

### ORDER

HUGH ROBINSON, Bankruptcy Judge.

Upon the objection to the claims of SOUTHWESTERN BELL TELEPHONE COMPANY (hereinafter sometimes referred to as "Bell"), filed by the Trustee on September 10, 1981, a hearing was ordered before this Court for November 5, 1981 in Atlanta, Georgia. The matter came on regularly to be heard on that date. Having considered the testimonial and documentary evidence presented to the Court and all responsive pleadings of record, the Court makes the following:

### FINDINGS OF FACT

1.

On September 18, 1980, Sayman's, Inc. d/b/a Sayman Carpets, Inc. (hereinafter sometimes referred to as the "Debtor" or "Sayman's") filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

2.

On September 22, 1980, the Court issued an Order providing that as a result of the filing of the petition, certain acts and proceedings against the Debtor and its property be stayed as provided in 11 U.S.C. § 362.

3.

On October 2, 1980, by Order of the Court, Charles E. Campbell was appointed Trustee for Sayman's, Inc., one of the above-named debtors. Mr. Campbell ("the Trustee") is presently the duly qualified and acting Trustee and is the objector in this proceeding.

4.

Prior to the Trustee's appointment, but subsequent to the filing of the Bankruptcy petition by Sayman's, Bell, without permission of the Court, discontinued telephone service to telephone number (713) 995–5442. There is no evidence before the Court that this termination was made at the request of an agent or an employee of the Debtor.

5.

After the appointment of the Trustee, the Trustee's attorney provided a security deposit to Southwestern Bell for future telephone service for telephone number (713) 995–5442 by mailing a check in the amount of $2,754.00 to Southwestern Bell on October 16, 1980. The check represented a deposit on post-petition telephone service only and was not a payment for pre-petition telephone service claims. The check was negotiated by Bell on or about October 30, 1980.

6.

November 18, 1980, the Trustee and his attorney, Robert A. Bartlett, were apprised of the disconnection by Southwestern Bell of telephone service to telephone number (713) 995–5442. This telephone number was the number of the Debtor's Houston facility where the Debtor had sold its inventory. The said disconnection was made without order or permission of this Court.

7.

There is no evidence in the record establishing the basis for Bell's actions in disconnecting service. The Trustee had previously sent a deposit providing security for payment for post-petition service. Further, the Trustee's attorney testified as to the existence of the Trustee's substantial checking account balance on or about the time of disconnection for alleged non-payment of post-petition service. Further, the Trustee and his attorney had not advised anyone at Bell that the Trustee would not pay the telephone bill and that service should be disconnected to the Debtor's telephone number.

8.

The Trustee and his attorney were subsequently forced to expend a substantial amount of time and the estate's financial resources in seeking to reconnect service to the Debtor's Houston facility. Further, the

Trustee was required by Southwestern Bell to send an additional security deposit of $1,918.20 to Bell to re-connect the service. Since it was critical for the estate to have service immediately reconnected, the Trustee wired a security deposit via Western Union resulting in additional charges to the estate of $32.90.

9.

Although the second security deposit was promptly sent by the Trustee's attorney, service was not immediately restored by Bell. Testimony by the Trustee's attorney establish that this delay caused by Bell in restoring telephone service hampered the Debtor's former salesmen in reselling carpet inventory and that the estate was damaged in an unquantified yet significant amount.

Based on the foregoing Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

■ The conduct of Southwestern Bell in disconnecting the telephone service of the Debtor amounted to a violation of the language and spirit of the provisions of 11 U.S.C. § 362 and 11 U.S.C. § 366.

Although this matter is not before the Court in the context of a citation for contempt, the Court notes that the evidence as presented appears to show that the conduct of Southwestern Bell was in contempt of this Court. It is also noted that such conduct could also be the subject of an adversary proceeding by the Trustee against Southwestern Bell for monetary damages. Since these remedies are not sought by the Trustee the Court will not address these matters at this time.

Instead, this matter is before the Court on the application of the Trustee to prevent Southwestern Bell, on account of its conduct, from sharing in the assets of the Debtor's estate with other creditors. From the evidence presented, the Court concludes that there is a substantial basis for deciding that Bell's claim should not enjoy the same priority and receive a distribution on its claim on a parity with other unsecured creditors of this estate.

■ It is within the power of this Court, in the exercise of its equitable jurisdiction pursuant to 11 U.S.C. § 510(c), to subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim. 11 U.S.C. § 510(c)(1).

■ The import of the statutory authority is that it will be applied by the Bankruptcy Courts under principles already announced by the cases and by development in future cases. 3 *Collier on Bankruptcy,* ¶ 510.04 (15th Ed. 1980).

It was observed by the United States Court of Appeals for the Fifth Circuit that three conditions must be satisfied before equitable subordination is appropriate:

"The claimant must have engaged in some type of inequitable conduct. The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant. Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act." (Citations omitted).

*In the Matter of Mobile Steel Co.,* 563 F.2d 692, 699 (5th Cir. 1977).

■ The Court holds that the conduct of Southwestern Bell was inequitable, that it resulted in injury to the other creditors of the Bankrupt and that the equitable subordination of Southwestern Bell's claim would not be inconsistent with the provisions of the Bankruptcy Code.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that all of the claims of the Southwestern Bell Telephone Company be, and hereby are, subordinated to the claims of all other allowed unsecured creditors of the estate, and shall not be paid unless and until the claims of such creditors are paid in full.