**In re Robert T. KISTNER, Jr. fdba: Audio Encore, et al., Debtor.**

**Bankruptcy No. 1–80–01277.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 13, 1982.

Thomas F. Waldron, Cincinnati, Ohio, for trustee.

---

Michael J. Hammons, Covington, Ky., for Daniel Boone.

Richard D. Nelson, Cincinnati, Ohio (notice only), for debtor.

## DECISION AND ORDER ON CLAIM FOR ADMINISTRATIVE EXPENSE OF DANIEL BOONE.

BURTON PERLMAN, Bankruptcy Judge.

Trustee having filed his final report, this case came on for final hearing. Daniel Boone, landlord of certain premises occupied by debtor and subsequently by trustee, (hereafter "Creditor") filed a request for payment of administrative expense. The trustee opposed such payment. The matter was heard at the final meeting. At the conclusion of the hearing we reserved decision.

Debtor had operated a retail store at which he sold electronic sound equipment at premises leased from Creditor. Debtor occupied the premises under a lease, the term of which had begun July 30, 1979, and which provided for rent at $500.00 per month. The bankruptcy petition in this case was filed June 23, 1980. Thereafter, the trustee succeeded to the possession of Creditor's premises. In fact, the electronic sound equipment in the estate remained at Creditor's premises until September 25, 1981, Creditor seeks rent for the period from the filing of the petition until September 25, 1981 when possession was relinquished, at a rate to which he testified as being reasonable, though in excess of the lease rent. In addition, Creditor seeks compensation for insurance on the electronic sound equipment which he says he maintained at the request of the trustee, and also for maintaining burglar alarm service, which he says also was requested by the trustee.

The evidence at the hearing was given by the testimony of Daniel Boone, the Creditor, Michael Hammons, Esq., his attorney and Thomas Waldron, Esq. the trustee. The testimony was in sharp conflict as to certain matters, for instance whether the trustee had requested insurance coverage or burglar alarm service. There was however, no dispute that it had been Creditor's position that he had a security interest in the inventory at the leased premises, and that continued possession of that inventory was necessary in order to preserve that interest. That question was the subject of an adversary proceeding between the trustee and Creditor which was litigated in this court, ending adversely to Creditor. The adversary proceeding was pursued further by Creditor in an appeal to the District Court, where the results were also adverse to Creditor. The complaint in the just mentioned adversary proceeding was filed January 12, 1981. Final disposition in the District Court occurred September 23, 1981.

Further, there is no dispute that the trustee had arranged for the sale of the inventory in February, 1981. The trustee and Creditor engaged in discussions of settlement of Creditor's claim at that time, for Creditor was unwilling to relinquish possession of the inventory in the absence of a settlement. The trustee and Creditor were unable to agree upon a figure for settlement, and therefore the sale at that time was not accomplished.

As we have stated, the trustee in his testimony expressly denied that he had requested insurance coverage and burglar alarm service, while testimony on behalf of Creditor is to the contrary. The evidence was clear that Creditor commenced insuring the inventory in April of 1980, and also had burglar alarm coverage prior to the bankruptcy. The testimony also established that there was at least one other tenant occupying premises in the building in question. In the circumstances, we hold that Creditor, the party asserting entitlement to compensation for burglar alarm and insurance and therefore having the burden of proof as to those issues, has failed to sustain that burden. It is at least as likely that Creditor, who was asserting a security interest in debtor's inventory, insured and maintained burglar alarm service for his own purposes, as it is that the trustee requested such protection.

 Further, we hold that at best, Creditor is entitled to rent only until February 1981 on the premises in question. Because the premises were occupied by trustee thereafter only because of the assertion by Creditor of a security interest which he felt that he would lose if he relinquished possession, was the trustee compelled to continue occupancy after February 1981. It is only fair and equitable that Creditor having compelled the occupancy by his legal theory and refusal to relinquish possession, bear the risk that he was wrong. That risk is represented by the occupancy of the premises between February 1981 and final disposition of the adversary proceeding in September 1981, at the conclusion of which the inventory was promptly sold.

 In arriving at a figure to be set off to Creditor as administrative rent, we are obliged to take into account the severe prejudice to the estate which resulted from the course of conduct pursued by Creditor. We assume that he believed in his legal position, but at the same time as a practical matter he was long aware that the total amount which could result in this estate by the sale of the assets of the debtor was in the vicinity of $5,000.00. By pursuing the legal course that he did, Creditor caused legal effort on the part of the trustee's attorney in defense of the estate far out of proportion to what was justified by the known size of the estate. (The time records submitted by the attorney for the trustee show that he devoted 43.9 hours to the Daniel Boone adversary proceeding, and a total of 30 hours to other matters.)

But for the disproportionate pursuit by Creditor of his position, there might well have been an amount available in this case for a distribution to creditors after payment of reasonable administrative expenses. We have concluded that the conduct of the Creditor in the circumstances here present make it appropriate for us to apply the doctrine of equitable subordination to the claim of Creditor for administrative rent. 11 U.S.C. § 510; *Matter of Sayman's*, 15 B.R. 229 (Bkrtcy.N.D.Ga., 1981). We therefore hold that Creditor's claim for rent should be equitably subordinated to administrative claims and Creditor relegated to the position of an unsecured creditor with respect to any and all claims for rent. Though we are aware that it is meager compensation for the effort expended, we fix the fee of the attorney for the trustee at $2500.00. By making distribution in the manner ordered, an amount will be available for distribution to creditors.

The foregoing constitutes our findings of fact and conclusions of law.

SO ORDERED.